UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80087-cr-DMM

UNITED STATES OF AMERICA

v.

DEONDRE JACKSON,

    Defendant.
_____/

FACTUAL PROFFER

Defendant Deondre Jackson, (hereinafter referred to as the "defendant"), his counsel, and the United States agree that, had this case proceeded to trial, the United States would have proven the following facts, which occurred in Palm Beach County in the Southern District of Florida, beyond a reasonable doubt, and that the following facts are true and accurate and are sufficient to support a plea of guilty:

    1.    On May 1, 2023, at approximately 4:30 p.m., Officer William Morales of the Delray Beach Police Department responded to the Community Market located at 1130 W. Atlantic Avenue in reference to a report of a vehicle burglary from earlier in the day. The complainant reported that his vehicle had been parked outside his place of employment near 910 SW 15th Avenue in Delray Beach. He reported that he first learned his vehicle has been burglarized when he noticed his firearm and sunglasses missing. The firearm was a Sig Sauer P250 .40 caliber handgun bearing serial number EAK042148. It was loaded with 13 rounds of Maxxtech, .40 caliber ammo. Both the firearm and the ammunition were manufactured outside the State of Florida.

2. Shortly after discovering his missing items, the complainant reviewed surveillance video cameras from a commercial establishment located near where his vehicle was parked. The camera depicted two suspects in the area. The first suspect was wearing a black hoodie with green pants (hereinafter "S1"). The second suspected, later identified as the defendant, was wearing a black/grey hoodie with "Suzuki" written on it. After reviewing the surveillance footage, the complainant saw the two individuals outside the Community Market.

3. Officer Morales circulated the area in his fully marked police vehicle and located the two subjects walking together west bound in the 200 block of SW 13th Ave. When the officer pulled his vehicle back around, he observed that the subjects had split up. The officer observed S1 walking westbound in the 1300 block of SW 2nd St, and the defendant walking westbound in between houses. As Officer Morales exited his vehicle in full police uniform, the defendant continued walking west bound into the driveway of 145 SW 14th Ave. The officer then made contact with S1 and observed him wearing the complainant's sunglasses.

4. Sergeant Guillaume then arrived on the scene. After Officer Morales directed the Sergeant toward the yard of 145 SW 14th Ave, the sergeant observed the defendant wearing a black and gray jacket with the "SUZUKI" in the back. Sergeant Guillaume yelled at the defendant to stop walking away, but he continued walking and then ran westbound on the north side of the residence toward a closed gate. When Sergeant Guillaume entered the rear of the residence, he observed the complainant's handgun located on top of the defendant's jacket in the rear of the yard on the ground near the fence. However, he was unable to locate the defendant.

5. Sometime later, the Sergeant spoke to the resident of 145 SW 14th Avenue. The resident reported that earlier that day, the resident saw a black male enter his driveway. The

resident told the male to leave the area since he did not live there. The black male reportedly told the resident that he needed somewhere to hide. The resident then observed the black male head toward the west gate of the residence.

6. On May 10, 2023, a state court judge issued a DNA warrant for the defendant. The police executed the warrant on May 12, 2023. The defendant's DNA was later compared to swabs taken from the firearm. Tests revealed that the defendant's DNA was located on the firearm's slide, grip, and trigger of the gun.

7. On October 5, 2023, an arrest warrant was issued for the defendant. Upon his arrest, the defendant was given his *Miranda* warnings and interviewed about the May 1, 2023, incident. When informed that his DNA was found on the gun, the defendant nodded in the affirmative. When questioned about where he got the gun, the defendant claimed, "somebody let me look at it and boom." When asked if he held the firearm, the defendant stated, "you got my fingerprints on it, yeah." When questioned about the Subaru jacket, Jackson stated, "when I took off the jacket I was going back to my cousin's house." When asked why he had left the gun, the defendant said, "somebody let me look at it, I looked at it, put it back and boom I left." The defendant also admitted in the interview that he is a felon and a drug user.

8. As of May 1, 2023, the defendant had been convicted of numerous felony offenses punishable by terms of imprisonment of more than one year, including possession of

heroin, sale of heroin, and sale of heroin within 100 feet of school zone from 2016; and burglary of an occupied dwelling and grand theft from 2014.

Date: 9/18/24    By: _____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

MARK DISPOTO
ASSISTANT UNITED STATES ATTORNEY

Date: 9/4/24    By: _____
SCOTT BERRY
ATTORNEY FOR DEFENDANT

Date: 9/4/24    By: _____
DEONDRE JACKSON
DEFENDANT